UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE BENDER et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JOHNATHEN C. YATES et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv485-L-DEB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

In this action alleging fraud, breach of contract, and related claims, Plaintiffs base federal jurisdiction on diversity of citizenship under 28 U.S.C. §1332. Because it is not possible to determine on the face of the complaint that complete diversity is present, the action is dismissed with leave to amend to allege subject matter jurisdiction.

Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

/ / / / /

1

23cv485-L-DEB

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states."  To meet the requirement of diversity of citizenship, Plaintiffs must allege "complete diversity of citizenship." *See Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).  This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*  The complaint must affirmatively allege the state of citizenship of each party.  *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Individuals like Plaintiffs and Defendants Johnathen C. Yates and Tina Yates (collectively "Yates Defendants") are citizens of the state where they are domiciled. *Kanter*, 265 F.3d at 857.  Plaintiffs allege the state of residency for themselves and the Yates Defendants.  (ECF No. 1, "Compl." at 2.)  "[R]esidency is not equivalent to citizenship.  A natural person's state of citizenship is determined by her state of domicile,

---

[1]   Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted.

not her state of residence." *Ehrman v. Cox Comm'ctns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Plaintiffs also name Y2M Investments, LLC, and Highpoint Farm South, LLC, as Defendants. The citizenship of limited liability companies for purposes of diversity jurisdiction is determined by examining the citizenship of each of their members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint does not provide any information regarding the membership of either of the two limited liability company Defendants. (*See* Compl. at 2-3.)

Because Plaintiffs do not properly allege citizenship of any of the parties, they have not alleged complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332(a). The Complaint is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. §1653, Plaintiffs are granted leave to file an amended complaint to supplement their jurisdictional allegations. If Plaintiffs choose to file an amended complaint, they must do so no later than **April 10, 2023**.

**IT IS SO ORDERED.**

Dated: March 17, 2023

_____
Hon. M. James Lorenz
United States District Judge